UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 16, 2016

LETTER TO COUNSEL

RE:   *Coy Lathan v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-444

Dear Counsel:

On February 17, 2015, Plaintiff Coy Lathan petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). In addition, I have reviewed the Commissioner's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015), and the Plaintiff's response thereto. (ECF Nos. 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

On March 22, 2012, Mr. Lathan filed his claims for benefits, alleging a disability onset date of February 1, 2005. (Tr. 173-83). His claims were denied initially and on reconsideration. (Tr. 109-16, 121-24). A hearing was held on August 16, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 27-55). Following the hearing, the ALJ determined that Mr. Lathan was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-26). The Appeals Council denied Mr. Lathan's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Lathan suffered from the severe impairments of learning disabilities, depression, borderline intellectual functioning, obesity, diabetes mellitus, hypertension, bilateral hearing loss, and chronic back pain. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Lathan retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is also limited to unskilled, low-stress work that involves only simple routine tasks and only simple decisions on an occasional basis. The claimant's work should not be production-paced and should not include productions [sic] standards, judgment changes, and/or frequent general changes to the routine work

> environment. Further, the claimant is limited to only occasional interaction with supervisors, coworkers, and public. In addition, the claimant must occasionally use a hand-held device for standing, walking, and balancing. The claimant is limited to work that permits the claimant to alternate between sitting and standing at-will during the workday to alleviate symptoms of pain and discomfort.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Lathan could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 21-22).

Mr. Lathan raises two primary arguments on appeal: (1) that the ALJ should have considered him to be in a borderline age range; and (2) that the ALJ's analysis was deficient under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Mr. Lathan also contends that the ALJ's analysis did not comport with *Fox*. While I disagree with Mr. Lathan's *Mascio* argument, I concur that *Fox* mandates remand for the ALJ to provide further discussion of the mental health listings. In so determining, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Lathan was not entitled to benefits is correct or incorrect.

Beginning with the unsuccessful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio,* 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Unlike in *Mascio*, the ALJ in this case imposed several limitations specifically designed to address Mr. Lathan's difficulties with concentration, persistence, or pace. The ALJ specified that Mr. Lathan's work "should not be production-paced and should not include productions [sic] standards, judgment changes, and/or frequent general changes to the routine work environment." (Tr. 17). In light of those restrictions to address Mr. Lathan's moderate limitations, remand under *Mascio* is unwarranted.

On the other hand, *Fox* provides a valid basis for remand. In *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding at step three of the sequential evaluation. Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:
Although the claimant has 'severe' impairments, they do not meet the criteria of
any listed impairments described in Appendix 1 of the Regulations. (20 CFR,

> Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

2015 WL 9204287 at *4. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the identified disability listings and "offered nothing to reveal *why* he was making his decision." *Radford*, 734 F.3d at 295 (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. 2015 WL 9204287, at *4. Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* at *4-*5. The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.* at *4.

In Mr. Lathan's case, the ALJ applied the special technique for evaluation of mental impairments to the identified mental health listing, 12.04. (Tr. 16). That technique is set forth in 20 C.F.R. §§ 404.1520a, 416.920a; *Robbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652-54 (6th Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265-66 (2d Cir. 2008) (citing *Schmidt v. Astrue*, 496 F.3d 833, 844 n. 4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* § 404.1520a(b)(2), 404.1520a(c), 416.920a(b)(2), 416.920a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* §§ 404.1520a(e)(4), 416.920a(e)(4).

The ALJ's application of the special technique in Mr. Lathan's case does not permit adequate review under *Fox*. With respect to the first two functional areas, the ALJ found that Mr. Lathan had "mild" restrictions and stated, "In making these findings, the undersigned assigned weight to the claimant's presentation at the hearing, his hearing testimony, and his reports in the June 5, 2012 psychological evaluation." (Tr. 16). For concentration, persistence, or pace, the ALJ found Mr. Lathan to have moderate difficulties and stated, "In making that finding, the undersigned considered the learning difficulties and concentration identified in the June 5, 2012 consultative examination report." *Id.* Neither of those one-sentence descriptions allowed me to assess how the ALJ applied the law to the facts of Mr. Lathan's case. The phrases "assigned weight" and "considered" do not indicate what portions of the consultative examination report were credited or relied upon by the ALJ in making his determinations.

*Coy Willie Lathan v. Commissioner, Social Security Administration*
Civil No. SAG-15-444
March 16, 2016
Page 5

Ultimately, then, I cannot assess whether those determinations were supported by substantial evidence, and remand is required for the ALJ to provide an adequate explanation.

Mr. Lathan also argued that the ALJ should have reviewed his case as a borderline age situation, since he was 27 days from "advanced age" at the time the ALJ issued his opinion and a person with his RFC in the "advanced age" category would be deemed disabled. Pl. Mot. 3-6. Because Mr. Lathan will be in the higher age category when his case is considered on remand, I need not address the borderline age issue.

For the reasons set forth herein, Mr. Lathan's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge